UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

ENEJAN EDO,

                                       Plaintiff,

           -against-

SECURITY CAPT. MOORE; C.O. ROBLES #13214; C.O. CADERO #12371; C.O. FRAZIER,

                                        Defendants.
------------------------------------------------------------------------------- x

**STIPULATION AND ORDER OF DISMISSAL**

13-CV-7398  (JMA)

       **WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, that

          1.     The above-referenced action is hereby dismissed with prejudice; and

for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, the City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

2.    Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

|  |  |
|---|---|
| Enejan Edo<br>*Plaintiff* Pro Se<br># 13-A-5615<br>Mid-State Correctional Facility<br>9005 Old River Road<br>P.O. Box 2500<br>Marcy, NY 13403<br><br>By: _____<br>    Enejan Edo<br>    *Plaintiff* Pro Se | ZACHARY W. CARTER<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street, Rm. 3-138<br>New York, New York 10007<br><br>By: _____<br>    Joseph Gutmann<br>    *Assistant Corporation Counsel*<br><br>SO ORDERED: |

Dated: New York, New York
       Nov. 7, 2014

_____
HON. JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE

2